IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CUEVAS, § | | |
| TDCJ #579522, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-1468 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Michael Cuevas (TDCJ #579522), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Cuevas has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from the administration of his sentence. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.      BACKGROUND**

Cuevas indicates that he is currently in custody as the result of two convictions for burglary of a habitation in cause numbers 59984-120 and 59985-120. In 1991, Cuevas reportedly received concurrent twenty-one year prison sentences in these cases from the 120th Judicial District Court of El Paso County. Cuevas remains in custody at the Jester III

Unit in Richmond, Texas, following the revocation of his parole in 2001, after he received a new conviction for unauthorized use of a motor vehicle.

Cuevas's federal habeas corpus petition is dated April 17, 2006, and he has filed a memorandum in support of his claims. In four related claims, Cuevas complains that prison officials have not calculated his time credits correctly in connection with the relevant state law. As a result, Cuevas contends that prison officials have improperly denied him early release on parole or mandatory supervision in violation of his right to due process. Cuevas reports in his petition that he has filed no motion or application for a writ of habeas corpus to raise these claims in state court. Because Cuevas has not yet presented his claims to the state's highest court of criminal jurisdiction, his petition must be dismissed for failure to exhaust all available remedies prior to seeking federal habeas corpus relief.

## II.     **EXHAUSTION OF REMEDIES**

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b). The doctrine of exhaustion reflects a policy of federal/state comity. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). Exhaustion of state remedies is so important that federal courts may raise a petitioner's

2

failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *see also Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351 (2004). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas). In addition, as of January 2000, Texas inmates who dispute the amount of time they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ of habeas corpus under Article 11.07. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon Supp. 2001); *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam).

The pleadings plainly show that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because Cuevas has not yet filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, this state process remains available. Therefore, the petitioner

3

does not satisfy any statutory exception to the exhaustion doctrine.  Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims.  It follows that the pending petition must be dismissed as premature for lack of exhaustion.

### III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

### IV.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **May 4, 2006.**

Nancy F. Atlas
United States District Judge